SMITH TITCOMB & others *vs.* TIMOTHY P. MORRILL & others.

A voluntary conveyance, absolute in form, even though aided by an oral agreement of the grantee to hold the premises for the benefit of the grantor, raises no trust in favor of the grantor which can be enforced in this commonwealth.

CHAPMAN, J. The bill alleges that the female plaintiffs are the children and sole heirs of David Morrill, deceased; that in the year 1839 said David made a quitclaim deed of the house

and land described in the bill to Timothy P. Morrill, **his brother** that there was no valuable consideration paid for said deed; that the land was conveyed in trust, for the benefit of said David and his heirs, on account of his intemperate habits at that time, said David having been prevailed upon to make such conveyance partly by promises and partly by threats. The bill then states the value of the property, the occupation of it by David during his lifetime, and by his heirs since his death, without payment of rent; that it was not the intention of said Timothy P. to avail himself of his legal title against said David or his heirs; and that he held it and meant to hold it in trust for their benefit. It then alleges the pendency of an action at law by the defendants to recover possession of the property, and prays for an injunction against the prosecution of the action at law, and a decree that the defendants shall give up and renounce the trust, and convey the premises to the plaintiffs; that an account may be stated between the parties, with an offer to pay whatever may be due from the plaintiffs, and concludes with a prayer for general relief.

The defendants' answer denies the trust, the want of consideration and the threats, and claims an absolute title under the deed to Morrill, their ancestor; and under the 28th rule, authorizing a defendant in his answer to insist on any special matter and have the same benefit as if he had pleaded or demurred to the bill, it states as special matter: 1. That the bill is founded upon an alleged trust, and the trust is not stated or described with such distinctness that the court can ascertain it or enforce it; 2. That the trust is not alleged to arise or result by implication of law, nor to have been created or declared by any instrument in writing signed by the party declaring or creating the same, as required by the statute; 3. They plead the statute of frauds in bar, and allege that the trust was not created or declared by any instrument in writing.

In a plea in bar subsequently filed, they allege that judgment has been recovered by them against the plaintiffs in the action at law. But it is not material to consider the validity or propriety of this plea.

The bill alleges a trust concerning lands. By Gen. Sts. *c.* 100, § 19, " no trust concerning lands, except such as may arise or result by implication of law, shall be created or declared, unless by an instrument in writing signed by the party creating or declaring the same, or his attorney." This is different from the English statute, which does not require the trust to be declared in writing, but only manifested and proved in writing. It is not necessary in this case to decide whether this difference of phraseology is material. Nor is it necessary to decide whether a bill brought to enforce an express trust concerning lands must aver that it was created or declared in writing. The authorities on that point are somewhat conflicting. If it had been intended by the plaintiffs' solicitor that the bill should allege an express trust, it would be defective on another ground. By Rule 4, it is required that the bill shall contain a clear and explicit statement of the plaintiffs' case. This bill does not contain a clear and explicit statement of an express trust. But though its language is loose and general, it is apparently intended to contain a statement of an implied trust. It alleges that the deed of conveyance was a quitclaim, which without further description implies an absolute and unconditional deed. It does not set forth any agreement of the grantee. The promises connected with the threats of which it speaks must be understood as verbal and general, and not as constituting an express trust. The prayer for a decree that the defendants shall give up and renounce the trust and convey the land to the plaintiffs seems to regard it as a trust arising or resulting by implication of law. The plaintiffs' counsel has argued the case upon the ground that the bill sets forth such a trust, and has not contended that there was an express trust within the statute.

Regarding the bill, then, as setting forth a trust arising or resulting by implication of law, the plaintiffs' position is, that the conveyance without consideration, aided perhaps by a parol agreement, raises a trust by implication of law in favor of the grantor such as this court can enforce. No authority is produced to sustain this position; and the case of *Bartlett* v. *Bartlett* 14 Gray, 278, is a recent authority to the contrary. It is

unlike the cases referred to in Adams on Equity, cited by the plaintiffs' counsel. The most numerous class of these cases is where a purchase is made in the name of one person, and the purchase money is paid by another. None of these are cases where a grantor has been held to be *cestui que trust* on the ground that the consideration was not paid, or that there was a parol understanding that the grantee should hold the land in trust for him.

*Demurrer sustained; bill dismissed with costs.*

*C. Lamson*, for the plaintiffs, being first called on, cited Adams on Eq. (3d Amer. ed.) 31–37, 303 ; 4 Kent Com. (6th ed.) 308.

*S. B. Ives, Jr.*, for the defendants, cited Gen. Sts. *c.* 100, § 19; *Hunt* v. *Moore*, 6 Cush. 1; *Steere* v. *Steere*, 5 Johns. Ch. 1; *Maccubbin* v. *Cromwell*, 7 Gill & J. (Md.) 157 ; *Pinney* v. *Fellows*, 15 Verm. 525.